**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| KATHLEEN MORGAN and<br>TIRSA OTERO,<br><br>          Plaintiff,<br><br>vs.<br><br>CITY OF OVERLAND PARK,<br>KANSAS,<br><br>          Defendant. | Case No. 21-2150-DDC-KGG |

<u>**MEMORANDUM AND ORDER**</u>

Plaintiffs Kathleen Morgan and Tirsa Otero, two police officers, bring this employment discrimination lawsuit against defendant City of Overland Park, Kansas.  Defendant has filed a Motion to Sever (Doc. 8) alleging that plaintiffs' claims do not meet the same transaction requirement of Fed. R. Civ. P. 20.  Defendant argues that because plaintiffs performed different roles for the city and applied for different positions, their claims do not arise out of the same transaction.  Thus, defendant asserts, the court should sever their claims.  Plaintiffs respond, arguing that their allegations that defendant engaged in a pattern of discrimination meets the same transaction requirement of Fed. R. Civ. P. 20.  Thus, plaintiffs argue, joinder of their claims is proper.  For reasons explained below, the court agrees with plaintiffs.  The court thus denies defendant's Motion to Sever.

**I.**       **Factual Background**

Plaintiffs are current employees of the City of Overland Park ("City") Police Department.  Doc. 1–1 at 1 (Compl. ¶ 5).  Plaintiffs allege several discrimination claims based on the City's failure to promote them.  *See* Doc. 1–1 at 2–15 (Compl. ¶¶ 9–126).  Plaintiff Morgan alleges (i)

age discrimination under the Age Discrimination Employment Act ("ADEA"), (ii) gender discrimination under Title VII, and (iii) retaliation under both the ADEA and Title VII based on the City's failure to promote her to the position of Police Major on several different occasions. Doc 1–1 at 2–7 (Compl. ¶¶ 9–54).  Plaintiff Morgan was later promoted to this position.  *See* Doc. 8 at 1 (Def.'s Mot. to Sever).  Similarly, plaintiff Otero alleges (iv) age discrimination under the ADEA, (v) gender, (vi) race, and (vii) national origin discrimination under Title VII, and (viii) retaliation under the ADEA and Title VII for the City's failure to promote her to Police Captain.  Doc. 1–1 at 7–9 (Compl. ¶¶ 55–126).

On May 17, 2021, defendant moved to sever plaintiffs' claims, arguing that the claims do not arise from the same transaction required to join parties under Fed. R. Civ. P. 20.  *See* Doc. 8 at 1 (Def.'s Mot. to Sever).  Defendant states that the claims do not arise from the same transaction because plaintiffs have worked for the City in various roles covering distinct periods of time, and plaintiffs applied for different positions with different promotion procedures.  *Id.* Defendant also argues that denying its Motion to Sever would impose unfair prejudice because the jury likely can't keep the discrimination claims separate, and thus presenting them in one trial would confuse the jury.  *Id.*  Plaintiffs disagree and contends that joinder will make discovery more efficient.  Doc. 13 at 2 (Pls.' Mem. in Opp'n to Def.'s Mot. to Sever).  Plaintiffs argue that keeping the claims joined will allow them to interview multiple witnesses at once.  *Id.*  Plaintiffs also contend that a possible joint trial could increase judicial efficiency.  *Id.*  Below, the court evaluates the parties' arguments for and against severance.

## II.    Legal Standard

Fed. R. Civ. P. 20 covers voluntary joinder of parties.  This Rule "was devised to 'promote trial convenience and expedite the final determination of the disputes, thereby

preventing multiple lawsuits.'"  *Wagoner v. Pfizer, Inc.*, No. 07-1229-JTM, 2008 WL 2937249, at *1 (D. Kan. July 24, 2008) (quoting 7 Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 1652 at 395 (3d ed. 2001)).  A court "may sever a plaintiff's claim if these objectives are not met, and joinder will result in prejudice, expense, or delay." *Id.*  Severance is discretionary. *Id.*

Parties may join in one action under Fed. R. Civ. P. 20(a) if  "(A) they assert a right to relief. . . . . arising out of the same transaction, occurrence, or series of transactions and occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." The Tenth Circuit has held that '"transaction'" is '"a word of flexible meaning"' that depends more on the logical relationship of claims rather than their immediate connection. *See King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1162 (10th Cir. 1990) (quoting *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926)).  Claims share a logical connection when "the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expenses to the parties and to the court." *Perkins v. Rent-A-Center, Inc.*, No. 04-2019-GTV, 2004 WL 2182190, at *3 (D. Kan. Sept. 21, 2004).

## III.    Analysis

Defendant's motion asks the court to sever plaintiffs' claims under Fed. R. Civ. P. 21, arguing that plaintiffs' claims do not arise out of the same transaction. *See* Fed. R. Civ. P. 21 (explaining that misjoinder is not a reason to dismiss but, instead, the court may "sever any claim against a party").  The parties agree that since the claims involve allegations of discrimination by the City, a common question of law or fact exists. *See* Doc. 14 at 2 (Def.'s Reply Mem. in Supp. of its Mot. to Sever).  But, the parties disagree whether plaintiffs assert a right to relief arising

from a single transaction.  Because plaintiffs have alleged a pattern of discrimination by defendant and defendant likely will not sustain prejudice or delay from a joint discovery process or trial, plaintiffs' claims arise from the same transaction.  Plaintiffs have joined their claims properly under Fed. R. Civ. P. 20.  Severance, therefore, isn't warranted.

Under our court's precedent, a pattern of discrimination satisfies the same transaction analysis under Fed. R. Civ. P. 20.  *See Wagoner*, 2008 WL 2937249, at *3; *see also Biglow v. Boeing Co.*, 201 F.R.D. 519, 520 (D. Kan. 2001) (finding that a majority of courts have held that allegations of a pattern or practice of discrimination satisfy the same transaction requirement under Fed. R. Civ. P. 20).  In *Wagoner*, three employees alleged discrimination under the ADEA against their former employer.  2008 WL 2937249, at *1.  The three employees worked in different states and had worked for the employer for varying amounts of time.  *Id.*  All three employees were older than 50, and each employee was terminated and later replaced by an employee 20 years younger and less experienced.  *Id.* at *2.  The employees also alleged that after a reorganization by the employer, new managers were more hostile about age-related matters.  *Id.*  Because the employees alleged that the employer pursued a discriminatory policy, the court held that the employees satisfied the same transaction requirement of Fed. R. Civ. P. 20.  *Id.* at *3.

But, our court has severed claims alleging a pattern of discrimination when joinder of the claims would cause prejudice and produce expense for the defendant.  *See Perkins*, 2004 WL 2182190, at *3.  In *Perkins*, several plaintiffs sued their employer based on racial discrimination. *Id.* at *1.  The plaintiffs filed the action in Kansas, but several plaintiffs worked and lived in New York and Oklahoma.  *Id.* at *3.  Because several plaintiffs worked in different states, they had different supervisors.  *Id.* at *2.  Consequently, because the defendants were from different

states, the defendants would have had travel to Kansas or have their testimony taken by video to present at trial.  *Id.* at *3.  Our court held that these circumstances would disadvantage the defendant.  *Id.*  And, our court held, the allegation of a pattern of discrimination did not suffice to outweigh the trial difficulties that would arise from litigating a case involving plaintiffs and defendants from multiple states.  *Id.*  Because litigating the case on a consolidated basis would have caused prejudice and expense to the defendant, the court granted defendant employer's motion to sever due to "practical difficulties*."  Id.*

        Here, because both plaintiffs allege a practice or pattern of discrimination, their claims arise from the same transaction.  Also, because both plaintiffs are from the same region and worked for the City, it's unlikely defendant will sustain prejudice or delay by keeping the parties joined.  Because all the parties are from the same region, the court can find no practical difficulties with trying the claims together, like in *Perkins*.  More like the facts here, *Wagoner* found that defendant would sustain no prejudice even though the plaintiffs were from different states, making it is even less likely that prejudice will result here, when both plaintiffs are from the same region.  Defendant's contention that the claims would confuse the jury is without merit given that the majority of courts, including ours, have rejected this as a reason to sever.  *See Biglow*, 201 F.R.D. at 520.

        Defendant relies on an Illinois federal court decision to assert that severance is proper. *See* Doc. 8 at 2–3 (Def.'s Mot. to Sever).  In that case, the court held that allegations of discrimination must overlap significantly for claims to arise out of the same transaction.  *See Byers v. Ill. State Police*, No. 99 C 8105, 2000 WL 1808558, at *4 (N.D. Ill. Dec. 6, 2000). There, three employees sued their employer alleging a failure to promote.  *Id.*  The court examined a number of factors, including:

> whether the discrimination took place at roughly the same time, if it involved the same people, whether there is a relationship between the discriminatory actions, whether the discriminatory actions involved the same supervisor or occurred within the same department, and whether there is a geographical proximity between the discriminatory actions.

*Id.* Because the *Byers* employees applied for positions during different timespans, the positions had different hiring criteria, different promotional procedures, and the employees were not from the same region, the court held that the claims did not arise from the same transaction. *Id.*

*Byers* isn't binding on our court but, even if it were, the factors outlined in *Byers* do not favor defendant in this case. Although *Byers* did consider that the positions had different hiring criteria and promotion procedures, this is the only factual similarity between *Byers* and plaintiffs' allegations here. Unlike the *Byers* plaintiffs, who were from different regions, different departments, and sought promotions during different times, plaintiffs here are from the same region, same department, and sought promotions during the same period. Under our court's precedent, plaintiffs' allegations that defendant engaged in a pattern of discrimination suffice to assert claims arising from the same transaction under Fed. R. Civ. P. 20.

## IV.    Conclusion

For the reasons explained above, the court concludes that plaintiffs' allegations that defendant engaged in a pattern or practice of discrimination satisfy the same transaction requirement of Fed. R. Civ. P. 20. And, defendant will not sustain prejudice from the court's decision declining to sever because permitting joinder of the claims promotes judicial efficiency and is unlikely to confuse the jury. Therefore, the court denies defendant's Motion to Sever.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Sever (Doc. 8) is denied.

6

**IT IS SO ORDERED.**

**Dated this 14th day of October, 2021, at Kansas City, Kansas.**

s/ Daniel D. Crabtree

**Daniel D. Crabtree**
**United States District Judge**
